IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Manuel Kennedy, ) | |
| ) | C.A. No. 5:08-0873-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Orangeburg County Sheriff's ) | |
| Office, ) | |
| ) | |
| Defendant. ) | |

___

Plaintiff Manuel Kennedy ("Plaintiff") brought this action in the South Carolina Court of Common Pleas in Orangeburg County on February 19, 2008 against Defendant Orangeburg County Sheriff's Office ("Defendant"). Plaintiff seeks to recover damages for personal injuries and losses sustained as a result of an incident that occurred on February 25, 2006 between Plaintiff and an Orangeburg County Deputy Sheriff. (Compl. ¶ 3).

### I. FACTS

Plaintiff alleges that he was attending a high school basketball game when an altercation arose between the players and fans of the competing schools. (Compl. ¶ 3). Deputy Ireck intervened. (Compl. ¶ 7). Under the heading of assault and battery, Plaintiff alleges that Deputy Ireck was acting within the scope of his employment and under the color of law. (Compl. ¶ 7). Plaintiff further alleges Deputy Ireck struck him "without legal provocation and with malicious aforethought." (Compl. ¶ 7). Under the heading of negligence, Plaintiff alleges, among other things, that Deputy Ireck used "unreasonable and excessive force against Plaintiff although Plaintiff

exhibited no force or threat of force [to Deputy Ireck]." (Compl. ¶ 12). On March 13, 2008, Defendant filed a Notice of Removal to this court on the grounds of federal question jurisdiction. Defendant contends that the complaint alleges a claim under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1332, 1441(b). Plaintiff filed a motion to remand on April 3, 2008, asserting that removal was improper because the complaint alleges no claim arising under the Constitution, treaties or laws of the United States. On April 21, 2008, Defendant filed a memorandum in opposition to Plaintiff's motion to remand.

The question is whether Plaintiff's claims, despite being labeled as state law claims, actually present a federal question so as to fall within the artful pleading exception to the well-pleaded complaint rule.

## II. DISCUSSION

A.  Applicable Law

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441(b), "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

B.  Jurisdiction

Defendant contends that this case was properly removed because, despite Plaintiff's placing his causes of action under the heading of state law claims, the substance of Plaintiff's claims constitute a federal question. The court disagrees.

The presence of federal question jurisdiction is determined by the well-pleaded complaint

rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to this rule, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Id.* at 392. Therefore, a plaintiff may generally avoid federal jurisdiction by exclusive reliance on state law. *Beechwood Dev. Group, Inc. v. Konersman*, 517 F. Supp. 2d 770, 772 (D.S.C. 2007). Nevertheless, a plaintiff's characterization of a claim as based solely on state law is not dispositive of whether federal question jurisdiction exists. *Moubry v. Kreb*, 58 F. Supp. 2d 1041, 1045 (D. Minn. 1999). A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly, or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded. *Id*.

The artful pleading doctrine permits the court to examine whether a plaintiff has attempted to avoid removal jurisdiction by "artfully" casting essentially federal law claims as state law claims. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981). Pursuant to this doctrine, when a plaintiff does not have a claim under state law, characterization of a federal claim as a state claim will not prohibit removal. *Moubry*, 58 F. Supp. 2d at 1045. Generally, the doctrine has been applied as a narrow exception limited to federal statutes that so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal. *Id.* However, artful pleading and complete preemption have also been treated as separate bases for removal. *See Taft v. Burlington N. R.R.*, 926 F. Supp. 866, 868 (D. Minn. 1996). In the end, all doubts concerning the existence of federal question jurisdiction must be resolved in favor of remand. *Moubry*, 58 F. Supp. 2d at 1045.

The South Carolina Tort Claims Act (the "Act") provides that the State, its agencies, and political subdivisions are liable for their torts in the same manner and to the same extent as a private

individual under like circumstances, subject to certain limitations and exceptions. S.C. Code Ann. § 15-78-40. The applicable exception to the Act in this case appears to be S.C. Code Ann. § 15-78-60 (15), which exempts the state from liability from "employee conduct outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude."

In this case, the complaint alleges that Deputy Ireck's negligent acts occurred while he was acting in the scope of his employment with Defendant. (Compl. ¶ 7). The complaint does not allege that Deputy Ireck's actions were the product of actual malice or any of the other exceptions listed under S.C. Code Ann. § 15-78-60 (15). The record, therefore, does not support the conclusion that Plaintiff's Second Cause of Action alleges anything more than a state law negligence claim. The court finds that the face of Plaintiff's complaint does not a present federal question. The court further finds that Plaintiff has not attempted to avoid federal jurisdiction by casting a federal claim as a state law claim. For these reasons, the court finds that Plaintiff's claims do not arise under federal law.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (Entry 12) is GRANTED.

**IT IS SO ORDERED.**

                                               s/Margaret B. Seymour  
                                               Margaret B. Seymour  
                                               United States District Judge

October 31, 2008  
Columbia, South Carolina